UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DESIREE D. MILLION,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:23-cv-00483-RDP |
| **JOHN CROFT, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on the motions to dismiss filed by Defendants Albert L. Shumaker (Doc. # 5), Steve Carpenter (Doc. # 7), Colleen Duffley (Doc. # 8), Andiamo Lodge (Doc. # 9), Phil Owen Construction (Doc. # 10), and John Croft (Doc. # 27). For the following reasons, the motions are due to be granted.

**I.      Background**

This case arises from a property line dispute. Plaintiff Desiree D. Million has sued certain of her neighbors: Defendants Steve Carpenter, Colleen Duffley, and Andiamo Lodge (the "Neighbor Defendants"). (Doc. # 1 at 1). Together, the Neighbor Defendants own two separate pieces of property adjacent to Plaintiff's property (together, the "Adjacent Properties"). (*Id.* at 2). The Andiamo Lodge is located on one of the properties, and there is a cottage located on the other. (*Id.*). The Adjacent Properties are located on either side of Plaintiff's driveway. (*Id.*).

Plaintiff alleges that the Neighbor Defendants erected both a shed and a fence on her property at different times. (*Id.* at 4). Plaintiff claims that they did so on the advice of their attorney, Defendant Patrick H. Tate. (*Id.*). Defendant Phil Owen Construction is the company that allegedly constructed the fence. (*Id.*).

Defendant John Croft is an Alabama Licensed Land Surveyor who conducted business through Croft Land Surveying, Inc. (*Id.* at 2). The Neighbor Defendants hired Croft to survey the Adjacent Properties. (*Id.*). Croft conducted both an initial and revised survey of the Adjacent Properties (the "Croft surveys"). Plaintiff claims that the Croft surveys incorrectly identified part of her own property as part of the Adjacent Properties belonging to the Neighbor Defendants. (*Id.* at 2–3).

In January 2022, Plaintiff hired her own land surveyor, Defendant William Short. (*Id.*). According to Plaintiff, Short acknowledged that the Neighbor Defendants' shed encroached on Plaintiff's property, but he did not agree with Plaintiff about any other alleged inaccuracies in the Croft Surveys. (*Id.*). While completing his land survey, Short placed a land marker in the ground. (*Id.* at 4). Plaintiff claims that this land marker replaced a previous land marker and accurately reflected that she owned a portion of disputed property. (*Id.*). After Short placed the land marker, the Neighbor Defendants hired Defendant Albert L. Shumaker, an attorney, to send Plaintiff a cease and desist letter. (*Id.*). Plaintiff asked Short to move all of his markers to what she believed were the rightful positions, but Short refused and then charged Plaintiff for his time. (*Id.* at 5).

Plaintiff alleges that all Defendants violated her Fourth Amendment "Right to Property" and deprived her of her Fourteenth Amendment right to due process of law. (*Id.* at 2, 6). Plaintiff also alleges that Defendants John Croft, Patrick H. Tate, and Albert L. Shumaker violated 18 U.S.C. § 242, which makes it a crime to willfully deprive a person of a federal statutory or constitutional right while acting under color of law. (*Id.* at 5-6).

## II. Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires a plaintiff to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

When considering a motion to dismiss, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam) (cleaned up). This is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the court determines that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Id.* at 570.

The court recognizes that Plaintiff is appearing *pro se* and is mindful that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a district court is not required to grant leave to amend when an amendment would prove futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

**III.   Discussion**

   **A.   Plaintiff's claims alleging violations of the Fourth and Fourteenth Amendments are due to be dismissed for failure state a claim.**

Plaintiff brings her claims under section 1983, which allows a private plaintiff to pursue a civil action for the deprivation of federal statutory and constitutional rights. 42 U.S.C. § 1983. "A successful section 1983 action requires that the plaintiff show she was deprived of a federal right by a person acting under color of state law." *Almand v. DeKalb County*, 103 F.3d 1510, 1513 (11th Cir. 1997). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how

4

discriminatory or wrongful." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). To hold a private party liable under section 1983, a plaintiff must prove that one of the following three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise" ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026–27 (11th Cir. 1988)) (cleaned up).

Plaintiff argues that Defendants John Croft and William Short were acting under color of state law because they are land surveyors who are licensed by the state. (Doc. # 18 at 3). However, "the fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor—unless the private entity is performing a traditional, exclusive public function." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1931 (2019). Indeed, the Supreme Court has held that public defenders do not act under color of state law when representing defendants in criminal proceedings, even though they are employed and paid by the state. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, private land surveyors who are neither paid nor employed by the state certainly are not state actors simply because they are licensed by the state. *See Brown v. Ferrara*, No. 10-cv-00523, 2011 WL 1637928, at *5 n.7 (D. Me. Apr. 28, 2011) (finding that land surveyors are not state actors under section 1983).

Here, Defendants Croft and Short are private land surveyors who were paid by the Neighbor Defendants and Plaintiff for their work, respectively. (Doc. # 1). This alone is insufficient to treat them as state actors under section 1983. Furthermore, Plaintiff has not made any allegations showing that any of the other Defendants in this case were acting under color of state law. Therefore, Plaintiff's complaint fails to state a claim under section 1983.

> **B.     Plaintiff's claims alleging violations of 18 U.S.C. § 242 are due to be dismissed for failure to state a claim.**

Plaintiff alleges that Defendants John Croft, Patrick H. Tate, and Albert L. Shumaker violated 18 U.S.C. § 242, which makes it a crime to willfully deprive a person of a federal statutory or constitutional right while acting under color of law. (Doc. # 1 at 5–6). "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). The Eleventh Circuit has previously held that 18 U.S.C. § 242 does not create a private right of action. *Collins v. Bates*, No.17-14559-G, 2018 WL 5090845, at *7 (11th Cir. May 10, 2018) (per curiam). Therefore, Plaintiff's claims for violations of section 242 are due to be dismissed.

**IV.    Conclusion**

For the reasons explained above, Defendants' motions to dismiss (Docs. # 5; 7; 8; 9; 10; 27) are due to be granted. An order in accordance with this memorandum opinion will be entered separately.

**DONE** and **ORDERED** this July 24, 2023.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE